UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAFIEL T. MENDOZA,<br><br>Defendant. | Case No. 4-15-cr-00247-BLW-1<br><br>**REPORT AND RECOMMENDATION** |

On October 24, 2017, Defendant RAFIEL T. MENDOZA appeared before the undersigned United States Magistrate Judge to enter a change of plea pursuant to a written plea agreement (Dkt. 8). The Defendant executed a waiver of the right to have the presiding United States District Judge take his change of plea. Thereafter, the Court explained to the Defendant the nature of the charges contained in the Indictment (Dkt. 1), the maximum penalties applicable, his Constitutional rights, the impact that the Sentencing Guidelines will have, and that the District Judge will not be bound by the agreement of the parties as to the penalty to be imposed.

The Court, having conducted the change of plea hearing and having inquired of the Defendant, counsel, and the government, finds there is a factual basis for the Defendant's guilty plea, that he entered it voluntarily and with full knowledge of the consequences, and that the plea should be accepted. The undersigned also ordered a pre-sentence investigation to be conducted and a report prepared by the United States

REPORT AND RECOMMENDATION - 1

Probation Office.

Because the offense to which Defendant entered his guilty plea is an offense in a case described in subparagraph (C) of subsection (f)(1) of Section 3142 in Title 18 of the United States Code, subjecting Defendant to detention upon a finding of guilt under Section 3143(a)(2), the undersigned considered whether, under Section 3145(c), exceptional reasons were clearly shown as to why Defendant's detention pending imposition of sentencing would not be appropriate.

In this case, Defendant had his initial appearance on the Indictment on June 14, 2017, before the undersigned Magistrate Judge. At that time, the Government requested detention, and the Court entered a temporary order of detention. (Dkt. 79.) A detention hearing was held on June 16, 2017, and the Court denied the Government's amended motion for detention. Defendant was released subject to Special Conditions of Release. (Dkt. 81.)

Since then, Defendant has complied with all conditions of pretrial release. He also has complied with all conditions of supervised probation in connection with a 2016 state conviction for which he may be eligible for a withheld judgment if he continues to be successful on probation. During his pretrial supervision, there have been no positive drug test results, and Defendant has maintained full-time employment. Defendant's supervisor has spoken highly of Defendant's job performance. Further, Defendant has maintained his residence with his fiancé and his young son. According to the Defendant's proffer, his fiancé is scheduled for carpel tunnel surgery on November 7, 2017, so Defendant's

REPORT AND RECOMMENDATION - 2

assistance with care of their 17-month old son during her period of recovery and associated lifting restrictions will be necessitated when he is not at work.

According to the Government, there is no reason to believe Defendant is at an enhanced risk of flight or danger to the community at this time, and Pretrial Services has recommended that Defendant be removed from the location monitoring program based upon his compliance with pretrial release conditions. However, the Court finds removal of the location monitoring condition would be inconsistent with the mandatory detention provision in Section 3143(a)(2), although pretrial services' recommendation reflects that the combination of conditions set on June 17, 2017, should continue to assure that Defendant 's release pending sentencing will not pose a danger to the community.

Upon consideration of the totality of the circumstances presented in this case, including the stringent conditions of release and the need for Defendant's financial and personal support to his family at this time, and upon finding Defendant is unlikely to flee or pose a danger to the community if release is continued, the Court will recommend release be continued under the conditions previously imposed, including location monitoring. The Court finds that exception reasons have been clearly shown by Defendant that detention pending imposition of sentencing would not be appropriate.

## RECOMMENDATION

NOW THEREFORE IT IS HEREBY RECOMMENDED:

1) The District Court accept Defendant RAFIEL T. MENDOZA's plea of guilty to Count Two of the Indictment (Dkt. 1),

REPORT AND RECOMMENDATION - 3

2)      The District Court order forfeiture consistent with Defendant RAFIEL T. MENDOZA's admission to the Criminal Forfeiture allegation in the Indictment (Dkt. 1) and the Plea Agreement (Dkt. 86),

3)      The District Court **GRANT**, at the appropriate time, the United States' motion to dismiss Count One of the Indictment (Dkt. 1) as to Defendant, and

4)      The District Court continue Defendant's release pending sentencing, subject to the standard and additional conditions of release previously imposed in the Order Setting Conditions of Release entered on June 16, 2017. (Dkt. 81.)

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: October 24, 2017

_____
CANDY WAGAHOFF DALE
U.S. MAGISTRATE JUDGE